SUFFOLK INS. CO. (POTTER v.). See Case No. 11,339.

SUFFOLK INS. CO. (WILLIAMS v.). See Cases Nos. 17,738 and 17,739.

SUFFOLK MANUF'G CO. (HAYDEN v.). See Case No. 6,261.

SUKELEY (JOHNSON v.). See Case No. 7,414.

## Case No. 13,593.

### SULIVAN v. BROWNE.

[2 Wash. C. C. 204.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

PRACTICE AT LAW—RULE TO TRY.

Where no declaration or plea has been filed, a rule to try or non pros. cannot be enforced.

In this suit, which was marked for trial at a preceding term, though neither declaration nor plea was filed; a rule to try or non pros. was entered.

Meredith now moved to enforce the rule, and read a case from Dallas's Reports in the supreme court of Pennsylvania, in which the rule was enforced, though no plea was put in.

BY THE COURT. The rule is in the alternative, that the plaintiff shall try the cause, or be nonsuited. He has a right to say he will try, rather than be nonsuited; and how can we accept his offer to try, when the cause is not in a state for trial? To say that he shall be nonsuited. unless he do what the court will not permit, is to take away the alternative. Were the plaintiff to offer to file a declaration now, still the cause could not be tried without a rule to plead, and a plea filed, and jury struck, or venire issued; but under another rule of this court, made in 1806, all rules to plead, are to be given from month to month in the clerk's office; and were we to allow a rule to be taken here, we should violate that rule.

Meredith then moved for a rule on defendant to plead in a month.

BY THE COURT. As the rule laid down in 1806, seems strangely to have been neg-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

lected, or may not generally have been known, we will permit this innovation on the standing rule, during this term; but in future motions of this sort will be refused.